THIS ORDER IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

January 12, 2022

Opposition No. 91267988

*Topco Holdings, Inc.*

*v.*

*Hand 2 Hand Industries, LLC*

**Katie Bukrinsky, Interlocutory Attorney:**

This proceeding comes before the Board on Opposer's motion, filed August 3, 2021, to amend its notice of opposition. The motion is fully briefed. The Board has considered the parties' briefs, addresses the record only to the extent necessary to set forth the Board's analysis and findings, and does not repeat or address all of the parties' arguments. *Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

## I.     Background

Applicant seeks to register the standard character mark READY4LIFE, Application Serial No. 90067553, for "[a]ntibacterial alcohol skin sanitizer gel [and] [s]pray sanitizer for personal use" in International Class 5.[1]

---

[1] The application was filed on July 22, 2020 pursuant to Trademark Act Section 1(b), 15 U.S.C. § 1051(b).

On March 4, 2021, Opposer filed a notice of opposition alleging likelihood of confusion with its registered and/or prior common law rights in the mark READY FOR LIFE for, inter alia, personal goods such as facial tissue, cleaning sponges, brooms, mops, cleaning goods such as disposable wipes, all-purpose cleaners and detergents, and toilet bowl cleaners; and in the mark SIMPLY DONE READY FOR LIFE for, inter alia, all-purpose cleaners, disposable wipes, dishwasher detergents, laundry detergents, disinfectant toilet bowl cleaners, and antibacterial hand soap.[2] Opposer alleged ownership of Registration Nos. 5297038, 5402109, 5157266, and 5282150 for the mark READY FOR LIFE, and Registration No. 6108845 for the mark SIMPLY DONE READY FOR LIFE and Design.[3]

Applicant filed an answer denying the salient allegations of the notice of opposition and asserting eight paragraphs of purported "affirmative defenses."[4]

On August 3, 2021, Opposer filed a motion for leave to amend its notice of opposition.[5]

## II.    Opposer's Motion

Opposer seeks leave to plead ownership of two applications for the mark READY FOR LIFE for goods in International Class 5, both filed after this proceeding was instituted: Application Serial No. 90665808 for "[a]nti-bacterial hand wipes for

---

[2] 1 TTABVUE 6-9.

[3] *Id.*

[4] 5 TTABVUE.

[5] 7 TTABVUE. Both parties' changes of correspondence address, 6 and 10 TTABVUE, are noted; the Board's records have been updated.

personal use,"[6] and Application Serial No. 90697362 for "[d]isposable sanitizing personal wipes." [7] Opposer alleges in its amended notice of opposition that it has used its READY FOR LIFE mark in connection with the goods in its newly filed applications since 2017.[8] Opposer also seeks to amend the description of its business in Paragraph 1, to correct typos, and to delete certain allegations made in paragraphs 14 and 15 of its original notice of opposition.[9]

In response, Applicant argues that to the extent Opposer's amendments concern newly filed applications and underlying common law rights, they are made in bad faith, inasmuch as Opposer did not file the new applications or assert the underlying rights until after reviewing the allegations in Applicant's answer.[10] Applicant also argues that these amendments are prejudicial because they expand the scope of the proceeding by asserting new goods under the READY FOR LIFE mark.[11] Applicant does not oppose Opposer's other proposed amendments.[12]

### A.     Legal Standard

Opposer styles its motion as one for leave to amend under Fed. R. Civ. P. 15(a). However, to the extent Opposer seeks leave to allege ownership of applications filed

---

[6] Filed April 23, 2021 pursuant to Trademark Act Section 1(a), 15 U.S.C. § 1051(a). Opposer alleged first use and first use in commerce at least as early as November 30, 2017.

[7] Filed May 7, 2021 pursuant to Trademark Act Section 1(a), 15 U.S.C. § 1051(a). Opposer alleged first use and first use in commerce at least as early as January 29, 2017.

[8] 7 TTABVUE 17, 19.

[9] *Id.* at 19-21.

[10] 8 TTABVUE 4-5.

[11] *Id.*

[12] *See generally id.*

after the proceeding was instituted, the motion is one to supplement the pleading, and accordingly is governed by Fed. R. Civ. P. 15(d).[13] The Board explains the applicable standards below.

### 1. Fed. R. Civ. P. 15(a)

Fed. R. Civ. P. 15(a)(2) encourages the Board to look favorably on motions to amend, stating that the Board "should freely give leave when justice so requires." In deciding whether to grant leave to amend, the Board may consider undue delay, prejudice to the opposing party, bad faith or dilatory motive, futility of the amendment, and whether the party has previously amended its pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *W.R. Grace & Co. v. Ariz. Feeds*, 195 USPQ 670, 671 (Comm'r Pat. 1977); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 80 USPQ2d 1385, 1395 (Fed. Cir. 2006); *Am. Express Mktg. & Dev. Corp. v. Gilad Dev. Corp.*, 94 USPQ2d 1294, 1297 (TTAB 2010). *See also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 507.02 (2021).

In determining whether the other party would be prejudiced by allowance of the proposed amendment, the timing of the motion for leave to amend plays a large role. *Embarcadero Techs., Inc. v. Delphix Corp.*, 117 USPQ2d 1518, 1523 (TTAB 2016) (citing *Black & Decker Corp. v. Emerson Electric Co.*, 84 USPQ2d 1482, 1486 (TTAB

---

[13] The provisions of Fed. R. Civ. P. 15 are applicable to this proceeding pursuant to Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a). Further, pursuant to Trademark Rule 2.107(a), 37 C.F.R. § 2.107(a), "[p]leadings in an opposition proceeding against an application filed under section 1 or 44 of the Act may be amended in the same manner and to the same extent as in a civil action in a United States district court. . . ."

2007)). However, the concept of "undue delay" is inextricably linked with the concept of prejudice to the non-moving party (*see Marshall Field & Co. v. Mrs. Fields Cookies*, 11 USPQ2d 1355, 1359 (TTAB 1989)), such that the Board may determine that if there is no prejudice to the non-moving party, there is no undue delay. *See Am. Express Mktg. & Dev. Corp.*, 94 USPQ2d at 1297 (although delay was substantial, no prejudice where proceedings were still in the discovery stage and non-movant could be afforded time in which to take discovery).

Nonetheless, a motion for leave to amend should be filed as soon as any ground for such amendment becomes apparent. *See Media Online Inc. v. El Clasificado Inc.*, 88 USPQ2d 1285 (TTAB 2008); *Trek Bicycle Corp. v. StyleTrek Ltd.*, 64 USPQ2d 1540, 1541 (TTAB 2001). Any party who delays filing a motion for leave to amend its pleading and, in so delaying, causes prejudice to its adversary, is acting contrary to the spirit of Rule 15(a) and risks denial of that motion. *See Capital Speakers Inc. v. Capital Speakers Club of Washington D.C. Inc.*, 41 USPQ2d 1030, 1032-33 (TTAB 1996) (the Board may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, and the movant offers no excuse for the delay).

### 2. Fed. R. Civ. P. 15(d)

Fed. R. Civ. P. 15(d) provides, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *See also Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990)

5

("Rule 15(d) unequivocally allows supplementing a complaint with a count based on later events.").

In determining whether to grant leave to supplement a pleading under Fed. R. Civ. P. 15(d), tribunals, including the Board, use the same analysis utilized in deciding whether to grant leave to amend under Fed. R. Civ. P. 15(a). *See, e.g.*, *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (citing *Foman* factors and stating that the standard whether to allow a supplement to pleadings under Rule 15(d) is the same as that used to determine motions to amend under Rule 15(a)); *Dwyer Instruments, Inc. v. Sensocon, Inc.*, 873 F. Supp. 2d 1015, 1037, (N.D. Ind. 2012) (same); *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp. 2d 1293, 1329 (N.D. Ga. 2008) (same). *See also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) *(*quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE (CIVIL) § 1504, at 184 (citation omitted)) ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15."); *Space Base Inc. v. Stadis Corp.*, 17 USPQ2d 1216, 1217 (TTAB 1990) (noting granted motion to amend to allege a registration acquired after the proceeding was instituted).

### B. Analysis and Order

### 1. Motion to Amend Under Fed. R. Civ. P. 15(a)

Applicant seeks leave to amend its notice of opposition to make cosmetic changes, edit the description of its business in paragraph 1, and delete paragraph 15 and portions of paragraph 14.[14] Applicant does not oppose these amendments.[15] Accordingly, Opposer's motion is **granted** as to these amendments. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a).

The Board next addresses Opposer's motion for leave to allege prior common law rights in anti-bacterial hand wipes and personal wipes. Based on the record, the Board does not find any evidence of bad faith or dilatory motive in Opposer's proposed amendment. An amendment under Fed. R. Civ. P. 15(a) may be used to introduce a new claim or defense **or** to amplify existing allegations in the complaint. *See, e.g.*, TBMP 507.02 and cases cited therein. That Opposer's amendment introduces additional support for its likelihood of confusion claim is not in itself improper, and does not demonstrate bad faith. This is furthermore Opposer's first motion to amend its pleading.

Further, while Opposer could have pleaded prior common law rights in its READY FOR LIFE mark for anti-bacterial hand wipes and personal wipes in its original notice of opposition, the Board does not find on this record that Opposer unduly delayed in failing to do so. These goods are arguably encompassed by Opposer's

---

[14] *See* 7 TTABVUE 15-16, 19-21.

[15] *See generally* 8 TTABVUE.

allegation, in its original notice of opposition, of prior common law rights in the mark READY FOR LIFE for "cleaning goods such as disposable wipes."[16] Opposer's new allegations clarify and amplify these alleged common law rights. *See Avedis Zildjian Co. v. D. H. Baldwin Co.*, 180 USPQ 539, 541 (TTAB 1973) ("[A]mendments need not of themselves set forth a cause of action, it being sufficient for the purpose that they may serve to amplify allegations already set forth in the moving party's pleadings.").

Moreover, there is no evidence of undue prejudice, inasmuch as three months of discovery remained at the time Opposer filed its motion for leave to amend, thus allowing time for Applicant to obtain discovery on Opposer's amended allegations. *See Marshall Field & Co.*, 11 USPQ2d at 1359 (the concept of "undue delay" is inextricably linked with the concept of prejudice to the non-moving party); *Am. Express Mktg. & Dev. Corp.*, 94 USPQ2d at 1297 (no undue prejudice where discovery was still open).[17]

Finally, the interests of justice and judicial economy would be served by permitting all claims between the parties to be adjudicated. *See Space Base*, 17 USPQ2d at 1217 n. 1 (opposer allowed to amend its complaint to plead ownership of a newly issued registration despite unreasonable delay because judicial economy

---

[16] *See* 1 TTABVUE 8.

[17] Applicant cites to Trademark Rule 2.107(a), 37 C.F.R. § 2.107(a), for the proposition that "an opposition may not be amended to add to the goods or services opposed." 8 TTABVUE 5. That rule bars an opposer from amending its notice of opposition to challenge additional goods or services **in Applicant's application** after the close of the time allowed for filing an opposition. *See id.*; *Drive Trademark Holdings LP v. Inofin*, 83 USPQ2d 1433, 1436 (TTAB 2007). This rule has no application to Opposer's motion to assert additional marks or goods as the basis of its claim.

would be served and any prejudice could be mitigated by reopening discovery for applicant).

For the foregoing reasons, Opposer's motion for leave to amend its notice of opposition to allege prior common law rights in the mark READY FOR LIFE for personal wipes and antibacterial hand wipes is **granted**.

### 2. Motion to Supplement Under Fed. R. Civ. P. 15(d)

With respect to Opposer's motion to supplement the notice of opposition to plead ownership of newly filed applications, the Board similarly finds no evidence of bad faith. Fed. R. Civ. P. 15(d) expressly provides for supplementation of pleadings with events that took place after the proceeding was instituted. *Cf. Space Base*, 17 USPQ2d at 1217 n. 1 (permitting amendment to allege registration filed and issued after proceeding was instituted). Accordingly, that Opposer seeks to supplement its complaint with applications that were filed after the commencement of this proceeding does not, without more, demonstrate bad faith.

Nor does the Board find that Opposer unduly delayed in seeking leave to supplement. Opposer's applications were filed in April and May 2021, and Opposer provided Applicant with a copy of its proposed amended pleading on May 10, 2021.[18] Although Opposer does not explain why it waited until August 3, 2021 to file its motion for leave to amend, under the circumstances the Board does not find the passage of approximately three months to constitute undue delay. Moreover, for the same reasons discussed *supra* with respect to the motion to amend, the Board does

---

[18] *See* 8 TTABVUE 2.

not find that Applicant will be prejudiced by the supplementation, and does find that judicial economy is served by permitting the supplementation.

Finally, Applicant's argument that the allegations pertaining to Opposer's newly filed applications are futile because the filing date of Opposer's applications is later than the filing date of Applicant's involved application is not well-taken. At a minimum, Opposer's newly pleaded applications may be relevant to Opposer's entitlement to a statutory cause of action. *See Toufigh v. Persona Parfum, Inc.*, 95 USPQ2d 1872, 1874 (TTAB 2010) (entitlement shown by petitioner's allegation that he filed an application to register an identical mark to the one he sought to cancel).

For the foregoing reasons, Opposer's motion for leave to supplement its notice of opposition to plead ownership of Application Serial Nos. 90665808 and 90697362 is **granted**. Opposer's Amended Notice of Opposition is Opposer's operative complaint.

### III.     Applicant's Affirmative Defenses

To streamline further proceedings in this matter, the Board exercises its discretion to review the legal sufficiency of certain affirmative defenses in Applicant's answer, as pleaded. *See NSM Res. Corp. v. Microsoft Corp.*, 113 USPQ2d 1029, 1039 n.19 (TTAB 2014) (Board may sua sponte strike any insufficiently pleaded claim).

Paragraph 24 of Applicant's affirmative defenses alleges that Opposer's original notice of opposition fails to state a claim.[19] This is not a true affirmative defense, inasmuch as it asserts that Opposer's pleading is insufficient, rather than states a defense to a properly pleaded claim. *See John W. Carson Found. v. Toilets.com, Inc.*,

---

[19] *See* 5 TTABVUE 5.

94 USPQ2d 1942, 1949 (TTAB 2010). In any event, the Board finds herein that in its amended notice of opposition Opposer has sufficiently pleaded its entitlement to a statutory cause of action under Trademark Act Section 13, 15 U.S.C. § 1063,[20] as well as a statutory ground for opposition under Trademark Act Section 2(d), 15 U.S.C. § 1052(d).[21] *See Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277, at *6-7 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2671 (2021); *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000); *Otto Roth & Co. v. Univ. Foods Corp.*, 640 F.2d 1317, 209 USPQ 40 (CCPA 1981). Accordingly, Applicant's first affirmative defense is **stricken**.

Paragraphs 25-29 of Applicant's answer also are not true affirmative defenses, but rather amplifications of Applicant's denials. Nonetheless, they are allowed to stand because they give Opposer more complete notice of Applicant's intended defenses and do not prejudice Opposer. *See, e.g.*, *ProMark Brands Inc. v. GFA Brands, Inc.*, 114 USPQ2d 1232, 1236 n.11 (TTAB 2015); *Order of Sons of Italy in Am. v. Profumi Fratelli Nostra AG*, 36 USPQ2d 1221, 1223 (TTAB 1995). *See also* TBMP § 311.02(d).

---

[20] Board decisions have previously analyzed the requirements of Sections 13 and 14 of the Trademark Act, 15 U.S.C. §§ 1063-64, under the rubric of "standing." Despite the change in nomenclature, the Board's prior decisions and those of the United States Court of Appeals for the Federal Circuit interpreting Section 13 and 14 remain applicable. *See Spanishtown Enters., Inc. v. Transcend Resources, Inc.*, 2020 USPQ2d 11388, at *2 (TTAB 2020).

[21] The amended notice of opposition purports to assert two grounds, identified as "likelihood of confusion" and "prior use." *Id.* at 9, 11. However, priority is an element of a Trademark Act Section 2(d) claim for likelihood of confusion. *See* 15 U.S.C. § 1052(d). *See also Executive Coach Builders, Inc. v. SPV Coach Co., Inc.*, 123 USPQ2d 1175, 1180 (TTAB 2017) ("We first consider whether Opposer has established its priority of use, a necessary element of any claim under Section 2(d)."); TBMP § 309.03(c)(2). Accordingly, the Board construes the notice of opposition as solely asserting a claim under Trademark Act Section 2(d).

Finally, Applicant's reservation of the right to assert additional defenses, in paragraph 30 of the answer, is improper under the Federal Rules of Civil Procedure, inasmuch as it does not give Opposer fair notice of such defenses. *See Philanthropist.com, Inc. v. The Gen. Conf. Corp. of Seventh-Day Adventists*, 2021 USPQ2d 643, at *4 n.6 (TTAB 2021), *appeal docketed*, Case No. 21-2208 (Fed. Cir. Aug. 6, 2021). *See also FDIC v. Mahajan*, 923 F. Supp. 2d 1133, 1141 (N.D. Ill. 2013)). Whether Applicant may, at some future point, assert additional affirmative defenses would be resolved by way of a motion for leave to amend. *See* Fed. R. Civ. P. 15(a). Accordingly, the reservation is **stricken**.

## IV.    Proceedings Resumed; Dates Reset

This proceeding is **resumed**. Applicant's answer to the Amended Notice of Opposition is due on or before **February 3, 2022**. Applicant should not reassert those affirmative defenses that the Board has stricken.

The expert disclosure, discovery, and trial dates are reset as follows:

| | |
|---|---|
| **Expert Disclosures Due** | **3/21/2022** |
| **Discovery Closes** | **4/20/2022** |
| **Plaintiff's Pretrial Disclosures Due** | **6/4/2022** |
| **Plaintiff's 30-day Trial Period Ends** | **7/19/2022** |
| **Defendant's Pretrial Disclosures Due** | **8/3/2022** |
| **Defendant's 30-day Trial Period Ends** | **9/17/2022** |
| **Plaintiff's Rebuttal Disclosures Due** | **10/2/2022** |
| **Plaintiff's 15-day Rebuttal Period Ends** | **11/1/2022** |
| **Plaintiff's Opening Brief Due** | **12/31/2022** |
| **Defendant's Brief Due** | **1/30/2023** |
| **Plaintiff's Reply Brief Due** | **2/14/2023** |
| **Request for Oral Hearing (optional) Due** | **2/24/2023** |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).

**TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS**

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered – use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing. **Note:**

Parties are strongly encouraged to check the entire document before filing.[22] The Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the ESTTA help webpage.

---

[22] To facilitate accuracy, ESTTA provides thumbnails to view each page before submitting.